Willard A. WHALEN, Jr., and other similarly situated employees, Plaintiffs,

v.

STATE OF ARIZONA, a sovereign entity, Defendants.

No. CIV–95–1960–PHX–ROS.

United States District Court, D. Arizona.

May 1, 1997.

Michael Napier, Napier & Jones, P.C., Phoenix, AZ, for plaintiffs.

Jay A. Zweig, Gallagher & Kennedy, Phoenix, AZ, for defendants.

### ORDER

SILVER, District Judge.

Defendant, the State of Arizona, and its agencies, the Arizona State Coliseum and the Arizona Department of Public Safety, have filed a Motion to Dismiss for Lack of Subject

Matter Jurisdiction pursuant to Fed.R.Civ.P. 12(b).[1]

## FACTUAL BACKGROUND

This action is brought by Plaintiffs under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for damages. Plaintiffs are employees of the State of Arizona. On this Motion, Defendant argues that this Court lacks subject matter jurisdiction to consider Plaintiffs' Fair Labor Standards Act suit, pursuant to the doctrine of State Sovereign Immunity as embodied in the Eleventh Amendment of the United States Constitution.

## LEGAL DISCUSSION

### A. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION STANDARD

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publishing Co. v. General Tel. & Electronics,* 594 F.2d 730, 733 (9th Cir.1979). The defense of lack of subject matter jurisdiction may be raised at any time by the parties. Fed.R.Civ.P. 12(h)(2) and (3).

### B. ANALYSIS

Defendant has moved for dismissal of Plaintiffs' action on the basis of Eleventh Amendment state sovereign immunity. Defendant argues that the United States Supreme Court's recent decision in *Seminole Tribe of Florida v. Florida,* — U.S. —, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), mandates that this Court dismiss Plaintiffs' action for lack of subject matter jurisdiction. In *Seminole Tribe,* the U.S. Supreme Court held that Congress did not possess the authority under the Indian Commerce Clause to abrogate Eleventh Amendment state sovereign immunity. *Seminole Tribe,* — U.S. at —, 116 S.Ct. at 1119. Defendant further urges the Court to consider a recent

U.S. District Court's decision in *Adams v. Kansas,* 934 F.Supp. 371 (D.Kan.1996). Following *Seminole Tribe,* the *Adams* court held that the Eleventh Amendment barred suit against states under the FLSA because "Congress did not have authority under the Interstate Commerce Clause to abrogate states' Eleventh Amendment immunity by enacting FLSA." *Adams,* 934 F.Supp. at 371. In a subsequent decision, following *Seminole Tribe,* the Sixth Circuit also held that the Congress did not have authority under the FLSA to abrogate a state's Eleventh Amendment sovereign immunity. *Wilson–Jones v. Caviness,* 99 F.3d 203, 211 (6th Cir.1996). Thus, Defendant argues, Plaintiffs' FLSA claim in this action is also barred because this Court lacks subject matter jurisdiction.

The Eleventh Amendment to the Constitution holds:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In addition, the Supreme Court has interpreted the Eleventh Amendment to prohibit suits against a state by citizens of that state. Adams at 371 (citing *Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 304, 110 S.Ct. 1868, 1872, 109 L.Ed.2d 264 (1990)). However, the Eleventh Amendment does not bar suit against a state if that state consents to suit in a federal court or if Congress abrogates a state's constitutional immunity. *Seminole Tribe,* — U.S. at —, 116 S.Ct. at 1123. Congress abrogates a state's constitutional immunity only if it: (1) "unequivocally expresse[d] its intent to abrogate the immunity"; and (2) "has acted pursuant to a valid exercise of power." *Id.*

In this case, Defendant has not consented to suit in federal court. Therefore, the Court must find a lack of subject matter jurisdiction over Plaintiffs' claim unless Congress has unequivocally expressed its intent

---

**1.** Plaintiffs have failed to file a response to Defendant's Motion to Dismiss. Under District of Arizona Local Rule 1.10(i), the Court may consider the failure to file the required answering memoranda as consent to the granting of the motion. However, the Court has determined to rule on Defendant's Motion on the merits of the case.

to abrogate Defendant's immunity under the FLSA and it has exercised its power pursuant to valid authority. It is clear that Congress expressed its intent to abrogate states' immunity under the FLSA,[2] which was enacted pursuant to the Interstate Commerce Clause.[3] *Wilson–Jones v. Caviness,* 99 F.3d 203, 207 (6th Cir.1996). However, it is also apparent that Congress does not have the authority under the Interstate Commerce Clause to abrogate states' constitutional immunity. In *Seminole Tribe,* the Supreme Court held that the Indian Commerce Clause, which was virtually indistinguishable from the Interstate Commerce Clause, did not grant Congress the authority to abrogate the Eleventh Amendment in the enactment of IGRA. *Seminole Tribe,* —— U.S. at —— – ——, 116 S.Ct. at 1126–27; *Adams,* 934 F.Supp. at 372. Furthermore, the Supreme Court in *Seminole Tribe* expressly overruled its prior plurality opinion in *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), which held that the Interstate Commerce Clause granted Congress the power to abrogate state sovereign immunity. *Seminole Tribe,* —— U.S. at ——, 116 S.Ct. at 1128. Moreover, the Supreme Court noted that Section 5 of the Fourteenth Amendment remains the only Constitutional provision which the Court has ruled allows Congress to abrogate states' Eleventh Amendment sovereign immunity. *Seminole Tribe,* —— U.S. at ——, 116 S.Ct. at 1125.

While the Interstate Commerce Clause does not grant Congress the authority to abrogate state sovereign immunity, Section 5 of the Fourteenth Amendment does grant such power. In *Katzenbach v. Morgan,* 384 U.S. 641, 651, 86 S.Ct. 1717, 1724, 16 L.Ed.2d 828 (1966), the Supreme Court devised a three factor test to determine whether legislation enacted to enforce the Equal Protection Clause of the Fourteenth Amendment is "rationally related" to that amendment's objectives. The test is whether a statute: (1) "may be regarded as an enact-

ment to enforce the Equal Protection Clause, (2) whether it is 'plainly adapted to that end' and (3) whether it is not prohibited by but is consistent with the letter and spirit of the constitution'." *Wilson–Jones v. Caviness,* 99 F.3d at 209 (citing *Katzenbach,* 384 U.S. at 651, 86 S.Ct. at 1724). Since the Fourteenth Amendment contains specific constitutional objectives, such as eliminating racial discrimination by state actors, and more general goals, namely equal protection of the laws for every citizen, legislation "rationally related" to such expansive objectives is apparently without limitation. Therefore, in this case, the issue arises whether the Fourteenth Amendment provides a possible basis for a FLSA claim.

The issue of whether the Fourteenth Amendment provides a basis for a FLSA claim was addressed by the Sixth Circuit in *Wilson–Jones v. Caviness,* 99 F.3d 203 (6th. Cir.1996). In *Wilson–Jones,* employees brought an action against the Ohio Civil Rights Commission under the FLSA for alleged violation of overtime provisions. Plaintiffs argued that the FLSA is within the authority of Congress pursuant to Section 5 of the Fourteenth Amendment. The Sixth Circuit reasoned that the plaintiffs' claim could be resolved by focusing on the first *Katzenbach* factor: "whether one may 'regard the legislation as an enactment to enforce the amendment'" *Id.* at 209. The court noted that the most direct way to fulfill this requirement would be a Congressional declaration that legislation is enacted to enforce Fourteenth Amendment rights. *Id.* Absent explicit Congressional reference to the Fourteenth Amendment, "there must be something about the act connecting it to recognized Fourteenth Amendment aims." *Id.* at 210. Applying this standard, the Sixth Circuit concluded that there was not a "sufficiently strong logical connection between the aim of the act-to increase the wages and shorten the hours of certain employees-and central, obvious Fourteenth Amendment con-

---

**2.** *See* 29 U.S.C. § 216(b) ("any employer (including a public agency)" is subject to liability under the FLSA). Under 29 U.S.C. § 203(x), "Public agency" is defined to include "the government of a State or political subdivision thereof."

**3.** 29 U.S.C. § 202(b) states that:
It is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States and with foreign nations. . . .

cerns." *Id.* Thus, the court concluded, the FLSA could not be regarded as serving a Fourteenth Amendment purpose and thus failed to abrogate the state's Eleventh Amendment sovereign immunity. *Id.* at 211.

Therefore, because Congress enacted the FLSA pursuant to the Interstate Commerce Clause, and because the Supreme Court in *Seminole Tribe* held that Congress does not have authority under the Interstate Commerce Clause to abrogate a states' Eleventh Amendment sovereign immunity, this Court finds that it does not have subject matter jurisdiction to hear Plaintiffs' FLSA claims against Defendant or any of its agencies. Furthermore, this Court finds the Sixth Circuit's analysis in *Wilson–Jones* persuasive, and thus concludes that Section 5 of the Fourteenth Amendment does not provide a basis for abrogation of Defendant's Eleventh Amendment sovereign immunity under the FLSA.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 42–1) is granted.